UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EUGENE MOORE, | |
| Plaintiff, | CIV. S-04-1895 MCE PAN PS |
| v. | |
| THE AMERICAN TOBACCO COMPANY, INC.; PHILLIP MORRIS INCORPORATED; R.J. REYNOLDS TOBACCO COMPANY; BROWN & WILLIAMSON TOBACCO CORPORATION; BRITISH AMERICAN TOBACCO CO., LTD; LIGGET GROUP, INC.; LIGGET & MYERS, INC.; THE COUNCIL FOR TOBACCO RESEARCH-U.S.A., INC.; THE TOBACCO INSTITUTE, INC.; LORILLARD TOBACCO COMPANY; AND DOES 1 through 60, inclusive, | <u>ORDER TO SHOW CAUSE</u> |
| Defendants. _____/ | |

This case was referred to the undersigned on May 24, 2006, for decision pursuant to E.D. Cal. L.R. 72-302(c)(21). The court now issues this order to show cause.

Plaintiff filed this action on May 29, 2002, in Sacramento County Superior Court, and defendant Brown & Williamson removed it to this court on September 10, 2004. On September 10, 2004, this court directed plaintiff to complete service of process on all parties within 120 days, or by January 8, 2005, as permitted by 28 U.S.C.A. § 1448 ("In all cases

removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court").

Sacramento County Superior Court records indicate that as of June 2003 plaintiff had effected service of process only upon defendants Brown & Williamson and R. J. Reynolds.  On May 27, 2003, the Sacramento County Superior Court granted R. J. Reynolds' motion to quash service of summons.  By separate findings and recommendations, this court recommends dismissal of Brown & Williamson for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5).  To date plaintiff has provided no proof he ever attempted to serve, or to obtain waiver of service from, any other defendant and no defendant has answered plaintiff's complaint.

Fed. R. Civ. P. 4(m) provides: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action . . . provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Plaintiff is hereby directed to show cause in writing within thirty days of service of this order why this action should not be dismissed for failure to serve the remaining defendants.  No extensions will be granted.  Failure to respond to this order shall result in a recommendation this action be dismissed.

DATED: 8/14/06                                                      /s/ Gregory G. Hollows

_____

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

NOW6:MOORE.OSC