UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THOMAS EUGENE MOORE,

        Plaintiff,

        v.

THE AMERICAN TOBACCO COMPANY, INC.; PHILLIP MORRIS INCORPORATED; R.J. REYNOLDS TOBACCO COMPANY; BROWN & WILLIAMSON TOBACCO CORPORATION; BRITISH AMERICAN TOBACCO CO., LTD; LIGGET GROUP, INC.; LIGGET & MYERS, INC.; THE COUNCIL FOR TOBACCO RESEARCH-U.S.A., INC.; THE TOBACCO INSTITUTE, INC.; LORILLARD TOBACCO COMPANY; AND DOES 1 through 60, inclusive,

        Defendants.

_____/

CIV. S-04-1895 MCE PAN (GGH) PS

<u>ORDER</u> and

FINDINGS AND RECOMMENDATIONS

        This case was referred to the undersigned on May 24, 2006, for decision pursuant to E.D. Cal. L.R. 72-302(c)(21). The court now issues this order and findings and recommendations.

        Plaintiff filed this action on May 29, 2002, in Sacramento County Superior Court, alleging state law claims for negligence, conspiracy and intentional tort based on defendants' allegedly deceptive advertising practices which plaintiff asserts caused him physical

and psychological addiction to tobacco and related injuries.  Plaintiff filed a first amended complaint on July 3, 2002.

On August 6, 2004, plaintiff mailed a summons, first amended complaint and two notices of acknowledgment of receipt to "Lane Limited, P.O. Box 1289, Tucker, GA 30085-1289."  Lane Limited received the package August 1, 2004 and forwarded it that day to defendant Brown & Williamson.

On September 10, 2004, Brown & Williamson removed plaintiff's action to this court.  28 U.S.C. § 1441 et seq.

Removal of a state court action to the federal district court is permitted for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Since plaintiff seeks damages in excess of $75,000[1] and this action is between citizens of different states and a London corporation, removal of this action is proper based on this court's diversity jurisdiction.[2]  28 U.S.C. §§ 1332(a)(3).  Brown & Williamson's removal was timely because made within thirty days of receipt of plaintiff's attempted service.  See 28 U.S.C.A. § 1446 (b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . .").

On September 15, 2004, Brown & Williamson moved for dismissal of this action due to insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5).  No hearing date was set, pursuant to E. D. Cal. L. R. 78-230(m) ("[a]ll motions . . . filed in cases wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record

---

[1] Plaintiff seeks general damages in the amount of $1,835,000.00, lost earnings of $927,100.00, and punitive damages of $2,000,000.00.

[2] Plaintiff is a resident of California; according to Brown & Williamson, all named defendants are incorporated, and have their principal places of business, in states (or countries) other than California.

1 without oral argument").

2 Plaintiff twice requested, and this court granted, enlargement of time to serve
3 and file an opposition to the motion to dismiss and removal of the action from state court.
4 On January 27, 2005, the court denied plaintiff's third request for enlargement of time and
5 granted defendant's motion to stay discovery pending this court's ruling on defendant's motion
6 to dismiss.  Accordingly, plaintiff's "Opposition" filed February 11, 2005 shall be stricken from
7 the record.

8 When service of process upon a defendant is attempted prior to removal, the
9 sufficiency of the service is determined by state law.  Lee v. City of Beaumont, 12 F.3d 933, 937
10 (9th Cir. 1993).  Plaintiff's attempted service substantially complied with California timing[3] and
11 content[4] requirements but was fatally insufficient because sent to the wrong corporation and not
12 addressed to an authorized individual.

13 \\\\\

14 \\\\\

15

---

16 [3] California law permits service of the summons and complaint within three years of filing the complaint.  Cal. Code Civ. Proc. § 583.210(a).  Defendant's citation to Sacramento
17 County Superior Court Local Rule 11.03(A) (requiring service of complaint within 60 days after complaint is filed) applies to civil cases filed after January 1, 2003.  Plaintiff's case was assigned
18 nonetheless to the Sacramento County Superior Court's Case Management Program because he had not filed an at-issue memorandum before July 1, 2004.  Sacramento County Superior Court
19 Local Rule 11.00.  As a result, plaintiff was repeatedly (and unsuccessfully) tasked with demonstrating service upon all defendants in less than three years.  As of June 2003, plaintiff had
20 attempted service only upon defendants Brown & Williamson and R. J. Reynolds; however, on May 27, 2003, the Sacramento County Superior Court granted defendant R.J. Reynolds Tobacco
21 Holdings, Inc.'s motion to quash plaintiff's service of summons on the ground that "attempted service on a law firm that has represented defendant in other cases was improper."  See Exhibit
22 17 to Brown & Williamson's Notice of Removal.

23 [4] Plaintiff substantially complied with the content requirements for service by mail (Cal. Code Civ. Proc. § 415.30 (requiring prepaid first-class or air mailing of the summons and
24 complaint, two copies of the notice and acknowledgment of receipt; plaintiff failed to provide a return envelope, postage prepaid, addressed to the sender)) and for service outside the state (Cal.
25 Code Civ. Proc. § 415.40 (requiring prepaid first-class mailing of the summons and complaint, return receipt required)).  However, plaintiff failed to meet the requirement of both provisions
26 that service be made upon a "person."

1 Plaintiff erred in attempting service upon Brown & Williamson through Lane
2 Limited.[5]  The companies are separate.  Lane Limited is incorporated in New York with its
3 principal place of business in Georgia; Brown & Williamson is incorporated in Delaware with its
4 principal place of business in Kentucky.  Declaration of Mark A. Peters, Vice President of
5 Finance for Lane Limited, at ¶¶ 2 through 4.  "Lane Limited is not currently, and has never been
6 authorized to accept service of process or pleadings on behalf of Brown & Williamson."  Id., at ¶
7 5.

8 Additionally, plaintiff failed to serve process upon an individual authorized by
9 Cal. Code Civ. Proc. § 416.10, which requires that service on a corporation be made "by
10 delivering a copy of the summons and of the complaint:  (a) To the person designated as agent
11 for service of process . . . [or] (b) To the president or other head of the corporation, a vice
12 president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager,
13 or a person authorized by the corporation to receive service of process . . ."  "[A] plaintiff serving
14 a corporation at an address outside of California must comply with section 416.10. . . . Since a
15 corporate defendant can only be served through service on some individual person, the person to
16 be served is always different from the corporation."  Dill v. Berquist Construction Co., 24 Cal.
17 App. 4th 1426, 1435-1436 (1994).

18 Lane Limited's forwarding of plaintiff's attempted service to Brown &
19 Williamson, and hence Brown & Williamson's actual notice of service, is unhelpful.  While
20 California law permits, under limited circumstances, a finding of substantial compliance with
21 service requirements if a corporate defendant receives actual notice through an ostensible agent

---

[5] The court notes plaintiff's explanation that Lane Limited was the only corporate address provided on the label of Brown & Williamson's Bugler cigarette papers.  Plaintiff was both negligent and expedient to rely on such information in lieu of examining Brown & Williamson's legally required corporate disclosure statements.  While Brown & Williamson and Lane Limited were both recently acquired by Reynolds American Inc. (see, e.g., http://biz.yahoo.com/e/040809, and http://today.reuters.com/stocks/key), the two are separate companies, incorporated in different states with different principal places of business.

of the corporation, see, e.g., <u>Pasadena Medi-Center Associates v. Superior Court</u>, 9 Cal. 3d 773, 778 (1973) ("service upon a corporate agent with ostensible authority to accept service suffices to acquire jurisdiction over the corporation"), service only upon the corporation is inadequate even though ultimately received by an authorized individual, see, e.g., <u>Dill v. Berquist Construction Co.</u>, supra, 24 Cal. App. 4th at 1439 (substantial compliance cannot be found where summons was addressed solely to the corporate defendant rather than to a person specified in section Cal. Code Civ. Proc. § 416.10).

This court finds, therefore, that plaintiff's attempted service upon Brown & Williamson was inadequate, requiring dismissal of Brown & Williamson.

Accordingly, IT IS HEREBY ORDERED that plaintiff's "Opposition" filed February 11, 2005 be stricken from the record.

Further, IT IS HEREBY RECOMMENDED that defendant's September 15, 2004 motion to dismiss be granted, and defendant Brown & Williamson be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

These findings and recommendations are submitted to the Honorable Morrison C. England, Jr., the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/14/06

/s/ Gregory G. Hollows
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

NOW6:MOORE.Dsms