IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS EUGENE MOORE,

     Plaintiff,                          No. CIV S-04-1895 MCE EFB PS

     vs.

THE AMERICAN TOBACCO COMPANY, INC., et al.,

     Defendants.                FINDINGS AND RECOMMENDATIONS
_____/

     This action has been referred to the magistrate judge pursuant to Local Rule 72-302(c)(21). On August 14, 2006, Magistrate Judge Gregory G. Hollows issued findings and recommendations recommending that defendant Brown & Williamson's motion to dismiss for insufficiency of service of process be granted.[1] The district judge adopted those findings and recommendations and Brown & Williamson has been dismissed. These findings and recommendations relate to the remaining defendants and plaintiff's response to an order to show cause regarding service of process on those defendants.

////

---

[1] Due to the retirement of Magistrate Judge Peter A. Nowinski, the case was temporarily reassigned to Magistrate Judge Gregory H. Hollows. It has since been re-assigned to the undersigned on August 28, 2006.

1

This action originated in Sacramento County Superior Court.  It was removed to this court by defendant Brown & Williamson on September 10, 2004 on the basis of diversity jurisdiction.  In the removal notice, Brown & Williamson explained that no other named defendant had been served, except for R.J. Reynolds, which had successfully moved to quash service in state court.[2]  Where named defendants have not been served in the state court action, they are not required to join the notice of removal.  *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984); *Emrich v. Touche Ross & Company*, 846 F.2d 1190, 1193 (9th Cir. 1988).  Accordingly, Brown & Williamson was the only removing defendant.

Although the remaining defendants never joined in the removal, plaintiff nonetheless had the opportunity to complete timely service upon them.  Pursuant to Fed. R. Civ. P. 4(m), plaintiff had 120 days to complete service on all defendants.  A plaintiff whose service of process was incomplete or defective prior to removal may serve process after removal under the federal rules.  *See* 28 U.S.C. § 1448 (In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.")  The 120-day period runs from the date of removal as opposed to the date the state court action was filed.  *Todd v. Doe*, 2005 U.S. Dist. LEXIS 24506, at *2, f.n. 1 (E.D. Cal., Oct. 21, 2005) (citing *Lawrence v. Hanson*, 197 F. Supp. 2d 533, 538 (W.D. Va.. 2002); *Eccles v. National Semiconductor Corp.*, 10 F. Supp. 2d 514, 520 (D. Md. 1998)); *see also, Cowen v. American Medical Systems, Inc.*, 411 F. Supp. 2d 717, 721 (E.D. Mich. 2006) (citing *Bruley v. Lincoln Property Co., N.C.*, Inc., 140 F.R.D. 452, 453 (D. Colo. 1991); *Motsinger v. Flynt*, 119 F.R.D. 373, 376 (M.D. N.C.

---

[2] Sacramento County Superior Court records filed with Brown & Williamson's notice of removal support this contention, indicating that as of June 2003, plaintiff had only served defendants Brown & Williamson and R.J. Reynolds.  On May 27, 2003, the Sacramento County Superior Court granted R.J. Reynolds' motion to quash service of summons.

2

1988)). The present case was removed on September 10, 2004. Thus, upon removal to this court plaintiff had 120 days from the date of removal to complete timely and effective service on the remaining defendants.

On September 10, 2004, the court issued an order requiring "service of process [to] be completed on all parties within 120 days. . . ." On August 14, 2006, the court ordered plaintiff to show cause within thirty days why the action should not be dismissed for failure to serve the remaining defendants. On September 15, 2006, plaintiff filed his "Answer to Court's Order to Show Cause." In that document, plaintiff argues that he "did not have the names and addresses of the president or head of the corporation, a vice president, secretary or assistant secretary, a treasurer or assistant treasurer, officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

Plaintiff also attempts to explain how this court is to blame for his failure to serve the remaining defendants during the more than two years that have passed since this case was removed to federal court. Specifically, he claims that the "federal court failed to issue an *in forma pauperis* order and failed to issue a U.S. Marshal 'service of process' order that the Eastern District of California federal Court usually issues, an order to effect service of the summons and complaint upon the defendants who have not been served the summons and complaint in this case." Plaintiff argues that because the Sacramento Superior Court granted his application to proceed *in forma pauperis* in state court, the federal court should have automatically conferred *in forma pauperis* status on him, and then assisted in perfecting service on the remaining defendants. He cites no authority for this proposition. Nor does he explain why he never raised the question nor inquired about the status of service (if he believed it was the clerk's responsibility) for the entire time the case has been in this court since the September 10, 2004 removal.

The process for proceeding *in forma pauperis* in federal court is set forth in 28 U.S.C. § 1915. That statute provides that a person who wishes to proceed without pre-payment

3

of fees or security therefor "must submit an affidavit that includes a statement of all assets" possessed by the plaintiff. 28 U.S.C. § 1915(a)(1). Further, a prisoner seeking to bring a civil action must also submit a certified copy of the trust fund account statement for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Plaintiff is currently incarcerated, but he failed to file the required affidavit and copy of his trust account with *this* court. Further, plaintiff waited for more than two years after this action was removed to make known his request for federal summons forms.

It is apparent from plaintiff's response to the Order to Show Cause, which describes the procedures "usually" followed in this district, that he is quite familiar with the procedure for applying for *in forma pauperis* status in federal court. A cursory review of this court's records reveals at least 26 actions initiated by plaintiff. Almost all of these cases include a request by plaintiff to proceed *in forma pauperis*. He is quite knowledgeable of the procedure. He also is quite capable of making inquiry well within the 120 days allowed by Rule 4(m). Given plaintiff's familiarity with the application process to proceed *in forma pauperis*, the court finds no good cause for plaintiff's delay of more than two-years in requesting summons forms to complete service on the remaining defendants. The court notes that well over 720 days have passed since this case was removed to federal court. That is more than six times longer than the period allowed under Fed. R. Civ. P. 4(m) for service of process.

Accordingly, the court finds that plaintiff has failed to demonstrate good cause as to why this case should not be dismissed as to the remaining defendants..

Accordingly, IT IS RECOMMENDED that:

1. The remaining defendants be dismissed from the action without prejudice; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections

4

1  with the court.  Such a document should be captioned "Objections to Magistrate Judge's
2  Findings and Recommendations."  Failure to file objections within the specified time may waive
3  the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir.
4  1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).
5  DATED:  September 29, 2006.

                                              EDMUND F. BRENNAN
                                              UNITED STATES MAGISTRATE JUDGE