IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS EUGENE MOORE,

      Plaintiff,                     No. CIV S-04-1895 MCE EFB PS

    vs.

THE AMERICAN TOBACCO
COMPANY, INC., et al.,

      Defendants.             <u>ORDER</u>

           On November 7, 2006, plaintiff filed a "motion to appoint counsel." By that motion, plaintiff seeks "assignment of counsel in further litigation of this matter." The court notes that plaintiff has filed a notice of appeal with regard to the district judge's September 28, 2006 order dismissing defendant Brown & Williamson from this action. By findings and recommendations dated September 29, 2006, the undersigned recommended that the remaining defendants also be dismissed and that the case be closed. (Plaintiff has requested additional time to object to those findings and recommendations, which the court grants, as discussed herein). The court assumes that by "further litigation of this matter" plaintiff means to request counsel for assistance with the currently pending appeal *and* plaintiff's forthcoming objections to the findings an recommendations.

////

1

"The decision to appoint counsel is left to the sound discretion of the district court. *Johnson v. United States Dep't of the Treasury*, 27 F.3d 415, 416-17 (9th cir. 1994). "Three factors are relevant to [a] trial court's determination of whether to appoint counsel: (1) plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim.'" *Id.* (quoting *Johnson v. United States Dep't of the Treasury*, 939 F.2d 820, 824 (9th Cir. 1991)). In his motion, plaintiff alleges a lack of financial resources and states simply that he is "unable to obtain counsel." Although plaintiff is presently incarcerated and presumably lacking in resources and access to counsel, plaintiff has offered no evidence to support these allegations.[1] Plaintiff does not state whether or not he has attempted to find an attorney willing to assist him with this action on either a paid or *pro bono* basis.

In short, this action involves plaintiff's claim for several million dollars in damages for alleged physical and psychological injuries caused by his addiction to tobacco. Plaintiff has failed to diligently prosecute this matter since he filed it in state court in 2002, and only now – more than six weeks after the district judge dismissed one of the two defendants who ever received notice of this action – does plaintiff seek appointment of counsel. This court finds that this case lacks sufficient merit to warrant the appointment of counsel by the court. Based on this finding, and plaintiff's failure to make a showing regarding his financial resources and efforts to secure counsel, the court hereby denies plaintiff's request for the appointment of counsel.

---

[1] The court again notes, as it did in its September 29, 2006 findings and recommendations, that this case was removed from state court on September 10, 2004. Plaintiff contends that he is proceeding in this case *in forma pauperis*, despite the fact that he never filed such an application with this court. The court notes plaintiff's familiarity with the process to apply for *in forma pauperis* status: a cursory review of this court's records reveals at least 26 actions initiated by plaintiff – almost all of which include his application to proceed *in forma pauperis*. Even if plaintiff had properly sought to obtain *in forma pauperis* status, this court would find that the appointment of counsel is not merited based on a lack of exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir.1984) (motions to appoint counsel granted only in exceptional circumstances and at discretion of trial court).

1  In addition to plaintiff's request for appointment of counsel, plaintiff seeks an extension of time to file objections to the findings and recommendations filed in this case on September 29, 2006. In his requests for an extension, filed on October 16, 2006 and November 7, 2006, plaintiff cites difficulties in accessing the prison law library in addition to other difficulties preventing his timely filing of objections. Good cause appearing, the request will be granted. Plaintiff shall have thirty (30) days from the date of service of this order in which to file objections to the findings and recommendations. No further extensions of time will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel is DENIED;

2. Plaintiff's request for an extension of time is GRANTED; and

3. Plaintiff is granted thirty (30) days from the date of this order in which to file objections. No further extensions of time will be granted.

DATED: November 8, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3